606 P.2d 24

Sylvester **AMBURGEY** and Hazel E. Amburgey, husband and wife, Plaintiffs-Appellants,

v.

**HOLAN DIVISION OF OHIO BRASS COMPANY, a New Jersey Corporation,** Defendant-Appellee.

2 CA–CIV 3143.

Court of Appeals of Arizona, Division 2.

April 30, 1979.

Rehearing Denied June 6, 1979.

Review Granted July 10, 1979.

Taylor & Kamper by Timothy J. Kamper, Phoenix, for plaintiffs-appellants.

Mesch, Marquez, Clark & Rothschild, P. C. by John K. Mesch, Tucson, for defendant-appellee.

OPINION

RICHMOND, Chief Judge.

■ Plaintiffs' appeal from a judgment for the defendant in this products liability case is directed to the giving of a jury instruction on intended use and the exclusion of testimony with which they sought to impeach a defense witness. We agree that it was error to give the following instruction:

> In order to prove a defective design it is necessary to prove that the injury occurred while the product was being used in a way it was intended to be used.

The instruction is at best ambiguous as to whether it refers to the intent of the user or the manufacturer, and plaintiffs' counsel objected on that ground:

> "I think it is confusing in terms of defining under the law products liability foreseeability. It is misleading in terms of the manufacturer's intention of use as opposed to both the manufacturer and user."

Arizona is committed to the standard of an "unreasonably dangerous" defect. *Byrns v. Riddell, Incorporated*, 113 Ariz. 264, 550 P.2d 1065 (1976). Whether a defect is unreasonably dangerous is not limited by the use intended by the manufacturer. The question is whether the use was reasonably foreseeable. *d'Hedouville v. Pioneer Hotel Company*, 552 F.2d 886 (9th Cir. 1977).

Defendant argues, however, that the confusion which was the sole ground of objection was eliminated by the immediately preceding instruction:

> To find the manufacturer liable for a defective condition which is unreasonably dangerous to the user, the machine must be dangerous to an extent beyond that which would be contemplated by the ordinary user with the ordinary knowledge common to his occupation as to its characteristics.

We disagree. The last quoted instruction did nothing to dispel the error in the challenged instruction, which told the jury that there could be no liability unless the product was being used "in a way it was intended to be used," regardless of whether the defect was "unreasonably dangerous" within the concept of the Restatement (Second) of Torts § 402A (1965) that is the law in Arizona. *Byrns v. Riddell*, supra.

 We find no merit in plaintiffs' other contention that the trial court should have permitted cross-examination of a defense witness, who had worked under the injured plaintiff's supervision at the time of the injury, regarding his subsequent firing in order to establish hostility to supervisory personnel. There was no showing that the plaintiff had any connection with the firing. The proposed testimony would have raised as one cause of the firing the falsification by the witness of his time records, which plaintiffs argued in the trial court "goes directly to the issue of [the witness's] credibility." It is apparent that the excluded testimony had no relevancy as to any motive of the witness in testifying unfavorably to the plaintiff, and was properly excluded in any event on the grounds that any proba-

tive value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. 17A A.R.S. Rules of Evidence, rule 403. It is in part for those reasons that otherwise immaterial acts of misconduct offered for impeachment were rejected prior to adoption of the rules of evidence unless they resulted in conviction of a felony. Udall, Arizona Law of Evidence, § 68, p. 108 (1960).

The judgment in favor of the defendant is vacated and the case remanded for a new trial.

HOWARD and HATHAWAY, JJ., concur.